IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM DONNELL )
)
)
v. ) NO. 3:11-0105
)
HAILEY ALDEN, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered February 11, 2011 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

The plaintiff filed this action pro se and in forma pauperis on February 4, 2011, seeking damages against the Murfreesboro Police Department ("Police Department"), the Rutherford County Sheriff ("Sheriff"), and "PCC."[1] The complaint does not set out a basis

---

[1] It is unclear from the complaint what the plaintiff means by his use of the term "PCC."

for federal jurisdiction, and the plaintiff states the grounds for his complaint as: "false arrest, false imprisonment, and gross negligence." See Complaint (Docket Entry No. 1), at 1. The plaintiff alleges that, on February 17, 2010, he was walking across a parking lot when he was approached by Murfreesboro police officer Mike Turner and asked for his name. The plaintiff states that he told officer Turner his name was "William Wilson," which the plaintiff asserts is his first and middle name. He alleges that Turner "ran" his name and it came back "clean" but that when officers Alden and Woods arrived, he was arrested for criminal impersonation and violation of a probation warrant, which the plaintiff contends never existed and was never served. Id. at 2.

Pro se complaints are to be construed liberally by the Court. See Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-

99 (6th Cir. 1990). To state a claim upon which relief can be granted, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. To survive scrutiny under Section 1915(e)(2)(B)(ii), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1949). See also Scheid v. Fanny Farmer Candy, 859 F.2d 434, 437 (6th Cir. 1988). Further, the plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). The less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. Wells, 891 F.2d at 594 (6th Cir. 1989).

3

After review of the plaintiff's complaint, the Court finds that the action should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The facts alleged by the plaintiff simply do not support arguable legal claims against the named defendants.

Initially, the Court construes the complaint as only naming the Police Department, the Sheriff, and "PCC" as defendants to the action. Although the style of the complaint lists Hailey Alden, Mike Turner, and Mike Woods as defendants along with the Police Department, the Sheriff, and "PCC," the plaintiff does not list the three individuals as defendants in the body of the complaint and he specifically seeks damages only from the Police Department, the Sheriff, and "PCC." See Complaint, at 1-3. Further, even if the complaint were construed as naming the three individuals as defendants, they are not named in their individual capacities and there is no indication in the complaint that they are sued individually.[2] As such, they are deemed to be sued in only their official capacities, Whittington v. Milby, 928 F.2d 188, 193 (6th Cir. 1991); Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1989), and any claims against them are essentially claims against the governmental agencies for which they work. Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Given

---

[2] The fact that the plaintiff specifically sought damages only from the governmental agencies and did not list the three individual defendants anywhere in the prayer for relief indicates that his claims against them are official capacity claims only and that they are not sued individually. See Moore v. Harriman, 272 F.3d 769, 773 (6th Cir. 2001).

that the plaintiff has specifically named the Police Department, the Sheriff, and PCC as defendants to the complaint, including the three individuals as defendants is mere surplusage.

The plaintiff has not asserted a basis for federal jurisdiction over his action. Even if the Court construes the action as invoking federal question jurisdiction under 28 U.S.C. § 1331 because it is brought pursuant to 42 U.S.C. § 1983, the plaintiff has not asserted the violation of a civil right. Section 1983 is not self-executing, but merely provides a method for vindicating federal rights elsewhere conferred. The first step for any claim brought under Section 1983 is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). The plaintiff has not satisfied this step by identifying the violation of a constitutional right. Further, he does not state cognizable claims under Section 1983 based on his complaints of "gross negligence" because negligence, even if termed "gross negligence," will not support a claim under Section 1983. See Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985).

To the extent that the Court construes the plaintiff's complaint to assert a claim under the Fourth Amendment for false arrest or false imprisonment, even though such a claim is nowhere mentioned in the complaint, his allegations do not support a claim against the named defendants. A claim brought against a municipal governing body must be based upon a theory of municipal liability. For such a claim, the plaintiff must set forth facts

showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the Police Department, the Sheriff, and PCC. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). These defendants cannot be held liable under a theory of respondeat superior merely because an individual police officer employed by them acted wrongfully. See Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). In short, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff's complaint does not contain any factual allegations supporting a claim against the Police Department, the Sheriff, or PCC.[3]

**R E C O M M E N D A T I O N**

For the reasons set out above, the Court RECOMMENDS this action be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.

---

[3] The Court finally notes that named defendants themselves are likely not entities capable of being sued under Section 1983, see Tunne v. Paducah Police Dept., 2010 WL 323547 (W.D.Ky. Jan. 21, 2010), and the only proper defendant for any municipal claims is either the City of Murfreesboro, Tennessee, or Rutherford County, Tennessee.

Because the plaintiff's claims warrant dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge